UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| MELODY NELSON,      )<br>                              )<br>          Plaintiff,    )<br>vs.                           )          **COMPLAINT**<br>                              )     **(JURY TRIAL DEMANDED)**<br>Wal-Mart Store #586,          )<br>Wal-Mart Stores East, LP, and )<br>Wal-Mart Stores, Inc.,        )<br>d/b/a Wal-Mart Store #586,    )<br>                              )<br>          Defendants.         )<br>_____ ) | |

This action is brought to remedy discrimination on the basis of sex and to remedy retaliation in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (Title VII). This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

Plaintiff alleges as follows:

1. Plaintiff is a female citizen of the United States and a resident of Conway, South Carolina.

2. Defendant Wal-Mart Store #586 is located in Conway, South Carolina, and Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc., the parent companies, are corporations registered and doing business in Conway, South Carolina.

1

3. Defendants Wal-Mart Store #586, Wal-Mart Stores East, LP, and Wal-Mart Stores Inc. are all employers within the meaning of 42 U.S.C. § 2000e-(b) and employ more than 500 employees.

4. More than 180 days having elapsed since the filing of Plaintiff's charge number 436-2014-01052, and the Equal Employment Opportunity Commission issued Plaintiff a notice informing her of her right to sue defendants dated September 8, 2015.

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

6. Plaintiff was employed with Defendants from March 10, 2014 to June 6, 2014, as an associate.

7. Over the course of Plaintiff's employment, Plaintiff was sexually harassed by Josie McAndrew and Candice Moore.

8. The harassment of Plaintiff was witnessed by at least two associates, and Plaintiff reported this harassment through Defendants' "Workplace Alert Program", and to the manager, Mike.

9. After denying the advances of associate Candice Moore and direct supervisor Josie McAndrew, Defendants began applying the absentee policy to Plaintiff in an unequal, discriminatory and retaliatory manner.

10. After deviating from the absentee policy that was explained to Plaintiff, Defendant then terminated Plaintiff for excessive absenteeism, a pretextual termination reason in retaliation.

## FIRST CAUSE OF ACTION
### (Sexual Harassment and Retaliation in Violation of Title VII)

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Complaint.

12. Defendants engaged in acts or practices of discrimination and discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex and retaliation in violation of Title VII.

13. As a result of the acts of discrimination within Defendants' employment practices and work environment, and Defendants' retaliatory actions against Plaintiff regarding her complaint of discrimination, and denial of advances toward her by Defendant employees, Plaintiff has suffered financial and emotional damage, as well as harm to her reputation.

14. Defendants' acts of discrimination within Defendants' employment practices and work environment, and Defendants' retaliatory actions against Plaintiff regarding her complaint of discrimination, and denial of advances were performed with malice and reckless indifference to Plaintiff's protected civil rights.

15. Plaintiff is now suffering, and will continue to suffer, irreparable injury, damage to her reputation and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of herein are in violation of Title VII;

B.  Enjoining and permanently restraining these violations of Title VII;

C.  Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.  Directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendants' discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E.  Awarding Plaintiff compensatory and punitive damages in the amount to be determined by a jury;

F.  Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k); and,

G.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

December 3, 2015